■ FEDERAL INSURANCE COMPANY et al., Appellants, v ALAN J. ROSENBERG, INC., et al., Respondents. — Order, Supreme Court, New York County (Arnold Fraiman, J.), entered on January 26, 1983, unanimously affirmed. Respondents shall recover of appellants $75 costs and disbursements of this appeal. Concur — Murphy, P. J., Ross, Carro and Fein, JJ.

Kassal, J., concurs in a memorandum as follows: I concur in result and agree that factual issues exist which cannot be resolved summarily. While the interpretation of the loan receipt poses a legal issue, under the circumstances, the reference to "net recovery" is susceptible to further proof as to the intention of the parties and the custom and practice in the insurance industry. The Grutman law firm, which had represented Rosenberg in the underlying negligence action against the city, Consolidated Edison and others, has disclaimed any interest in the fund presently held as a result of the settlement of that action. Although it appears that the law firm has been paid, the record is silent as to when and by whom payment was made. Nor does the record reflect whether Grutman acted in any way on behalf of the insurers and with their authority or only on retainer with Rosenberg. Furthermore, there is an additional factual question with respect to the circumstances underlying the settlement of the negligence action and the propriety of the final apportionment of the settlement proceeds, whereby $50,000 was attributable to property damage and $150,000 to personal injuries sustained by Rosenberg. The original notice of claim which had been filed with the city claimed property damage in sum of $5,000,000, which was the amount sought when the action was commenced, in addition to a personal injury claim of $500,000. Appellants contend that in the apportionment of the $200,000 settlement, attributing only $50,000 to property damage, the precise amount of the loan receipt, was a sham, designed to minimize the repayment to the insurers under the loan receipt. The record does not reflect facts bearing upon the underlying rationale or motivation of the insured. Taking into account the prayer for relief in the negligence suit, it appears that the allocation of the settlement does not reflect the relative severity of the property damage claim in relation to the personal injury claim when that action was commenced. Had there been some other distribution, it is conceivable that there would be sufficient property damage proceeds to repay the insurers in full even after a deduction for counsel fees. Appellants should be afforded an opportunity to adduce proof at trial bearing

upon the propriety of Rosenberg's division of the settlement in order to develop the facts on the issue of whether the distribution was devised to increase Rosenberg's share or to foreclose the insurers from securing repayment of the amount owed under the loan receipt. The property damage claim recovered by the insured amounted to a trust fund for the benefit of the insurer to the extent of the amount represented by the loan receipt. Dependent upon the proof to be adduced, the settlement and the apportionment of the proceeds therein may amount to a breach of the insured's undertaking, as reflected in the terms of the loan receipt (see 16 Couch, Insurance 2d, §§ 61:82, 61:89).